**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4646**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ZACTRICK MICHAEL JEFFERIES, a/k/a Bubba,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:17-cr-00123-HMH-2)

Submitted:  June 22, 2018        Decided:  June 26, 2018

Before DUNCAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James R. Battle, II, BATTLE LAW FIRM, LLC, Conway, South Carolina, for Appellant. Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zactrick Michael Jefferies pled guilty without a written plea agreement to conspiracy to possess with intent to distribute and to distribute methamphetamine, 21 U.S.C. § 846 (2012), and two counts of possession of 500 grams or more of methamphetamine with intent to distribute, 21 U.S.C. §§ 841(a), (b)(1)(A) (2012). He was sentenced to 236 months in prison on each count, to run concurrently. Jefferies appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. This court notified Jefferies of his right to file a pro se brief, but he has not filed such a brief. We affirm.

I

Jefferies first argues that the district court improperly denied his motion to suppress statements he made to investigators following his arrest in December 2016. He claims that he made the statements without having received *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436 (1966). A valid guilty plea waives all prior, nonjurisdictional defects in a criminal proceeding. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). After examining the transcript of Jefferies' Fed. R. Crim. P. 11 hearing, we conclude that the district court substantially complied with the Rule, there was a factual basis for the plea, and the plea was knowingly and voluntarily entered. In light of the valid plea, and pursuant to *Tollett*, we conclude that Jefferies has waived his right to challenge the propriety of the district court's ruling on the suppression motion.

During the allegedly tainted December 2016 interview with investigators, Jefferies made admissions about the amount of methamphetamine for which he was responsible. Jefferies' probation officer included that amount when calculating the total amount of drugs for which Jefferies was accountable and, in turn, when calculating Jefferies' base offense level. At sentencing, Jefferies did not object to the quantity of drugs for which he was held accountable. The district court adopted the presentence report, including the drug calculations therein. On appeal, Jefferies claims that the court should not have included the drug amount discussed during the interview when determining his base offense level.

Because Jefferies raises this claim for the first time on appeal, our review is for plain error. *See United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010). We discern no error, much less plain error, in this case. "District courts traditionally have been given wide latitude as to the information they may consider in passing sentence after a conviction." *United States v. Nichols*, 438 F.3d 437, 439 (4th Cir. 2006) (internal quotation marks omitted). "[T]he policies underlying the *Miranda* exclusionary rule normally will not justify the exclusion of illegally obtained but reliable evidence from a sentencing proceeding." *Id.* at 443. However, if the court erred in considering the drug amounts in question, the error did not affect Jefferies's substantial rights. In imposing sentence, the court stated that, even if the Guidelines calculations were erroneous, the

court would have imposed the same sentence based on the 18 U.S.C. § 3553(a) (2012) sentencing factors and the totality of the circumstances.

III

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Jefferies, in writing, of the right to petition the Supreme Court of the United States for further review. If Jefferies requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jefferies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*